IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBITRON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| SAGA COMMUNICATIONS, INC. and | ) | |
| LAKEFRONT COMMUNICATIONS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff, Arbitron Inc. ("Arbitron"), by and through its undersigned attorneys, as and for its Complaint against Defendants Saga Communications, Inc. ("Saga") and Lakefront Communications LLC ("Lakefront") (together, "Defendants"), alleges as follows:

## **NATURE OF THE ACTION**

1.      Arbitron has been one of the nation's leading firms in the field of audience measurement for more than 50 years.   This case arises from defendants' unauthorized reproduction and distribution of Arbitron's copyrighted audience estimates in violation of the Copyright Act, 17 U.S.C. 101, *et seq.*

## **THE PARTIES**

2.      Arbitron is a Delaware corporation with its principal place of business located at 9705 Patuxent Woods Drive, Columbia, Maryland, 21046.

3.      Upon information and belief, Defendant Saga is a Delaware corporation with its principal place of business located at 73 Kercheval Avenue, Grosse Pointe Farms, Michigan. According to its website, "[Saga] is a broadcast company whose business is primarily devoted to acquiring, developing and operating radio stations, television stations and state radio networks.

Saga currently owns or operates broadcast properties in 25 markets, including 61 FM and 30 AM radio stations, 3 state radio networks, 2 farm radio networks, 4 television stations and 4 low power television stations."  Saga is a publicly traded company whose stock trades on the New York Stock Exchange.

4.      Upon information and belief, Defendant Lakefront is a Delaware limited liability company with its principal place of business located at 5407 West McKinley Avenue, Milwaukee, Wisconsin 53208.   Lakefront owns and operates radio stations in and near Milwaukee, Wisconsin including but not limited to WKLH-FM, WJYI-FM, WNRG-FM, WJMR-FM and WHQG-FM, and holds the FCC broadcast licenses for those stations.  Lakefront is a wholly owned subsidiary of Saga, which is the sole member of Lakefront.  Saga controls the day to day operations of Lakefront.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the claims in this action under the Copyright Act, 17 U.S.C. § 101, *et seq*., pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Upon information and belief, defendants are subject to this Court's jurisdiction because Saga is a corporation and Lakefront is a limited liability company, both organized and existing under the laws of the State of Delaware.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are residents of this District.

## BACKGROUND

8.      Arbitron is an international media and marketing research firm serving the media—radio, television, cable and out-of-home—the mobile industry, and advertising agencies and advertisers around the world.  Arbitron's businesses include: measuring network and local

2

market radio audiences across the United States; surveying the retail, media and product patterns of U.S. consumers; providing mobile audience measurement and analytics in the United States, Europe, Asia and Australia; and developing application software used for analyzing media audience and marketing information data.

9.      For more than 50 years, Arbitron has been a leader in its field and is particularly well-known for its radio audience estimates.  Arbitron collects radio audience listening data by various means including though paper diaries filled out by survey participants and through Arbitron's Portable People Meter, or PPM, an electronic device that records codes embedded within broadcasts from which Arbitron can determine what a survey participant is listening to and when.  From this survey information, Arbitron produces audience estimates and station rankings which it publishes in periodic reports (the "Arbitron Reports") and creates databases comprising these estimates, reports and other works (the "Databases").

10.     The Arbitron Reports and Databases and the audience estimates contained in each of the Arbitron Reports and Databases are, and have been at all times material to this action, original works of authorship uniquely created by Arbitron's own skill, expertise, opinion, labor and judgment.  Arbitron is the owner of registered copyrights in the Arbitron Reports and Databases and the audience estimates contained therein.  At least the following registrations are relevant to this action:

| Title | Number | Effective Date |
|-------|--------|----------------|
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for September 2010 for PPM Data for Milwaukee -Racine | TX 7-269-965 | October 21, 2010 |

| | | |
|---|---|---|
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for October 2010 for PPM Data for Milwaukee -Racine | TX 7-297-381 | November 15, 2010 |
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for November 2010 for PPM Data for . . . Milwaukee -Racine . . . (Group 3) | TX 7-310-249 | December 16, 2010 |
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for December 2010 for PPM Data for . . . Milwaukee -Racine . . . (Group 3) | TX 7-421-993 | January 3, 2011 |
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for Holiday 2010 for PPM Data for . . . Milwaukee -Racine . . . (Group 3) | TX 7-410-288 | January 28, 2011 |
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for January  2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-423-610 | February 24, 2011 |
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for February 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-422-835 | March 25, 2011 |
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for March 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-422-788 | April 27, 2011 |

| | | |
|---|---|---|
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for April 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-602-079 | May 20, 2011 |
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for May 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-432-225 | June 20, 2011 |
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for June 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-424-667 | July 18, 2011 |
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for July 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-497-204 | August 16, 2011 |
| Survey Panelist Database EDW-RESPD-EXPSR-QHR Table for August 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-449-256 | September 21, 2011 |
| Station Audience Estimates EDW_MDOTLT_EST Table for September 2010 for PPM Data for Milwaukee -Racine (Group 3) | TX 7-274-476 | October 21, 2010 |
| Station Audience Estimates EDW_MDOTLT_EST Table for November 2010 for PPM Data for . . . Milwaukee -Racine . . . (Group 3) | TX 7-294-390 | December 2010 |

| | | |
|---|---|---|
| Station Audience Estimates EDW_MDOTLT_EST Table for December 2010 for PPM Data for . . . Milwaukee -Racine . . . (Group 3) | TX 7-414-632 | January 3, 2011 |
| Station Audience Estimates EDW_MDOTLT_EST Table for Holiday 2010 for PPM Data for . . . Milwaukee -Racine . . . (Group 3) | TX 7-410-272 | January 28, 2011 |
| Station Audience Estimates EDW_MDOTLT_EST Table for January 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-410-300 | February 24, 2011 |
| Station Audience Estimates EDW_MDOTLT_EST Table for February 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-410-292 | March 25, 2011 |
| Station Audience Estimates EDW_MDOTLT_EST Table for March 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-423-634 | April 27, 2011 |
| Station Audience Estimates EDW_MDOTLT_EST Table for April 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-599-747 | May 20, 2011 |
| Station Audience Estimates EDW_MDOTLT_EST Table for May 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-437-264 | June 20, 2011 |

| | | |
|---|---|---|
| Station Audience Estimates EDW_MDOTLT_EST Table for June 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-424-649 | July 18, 2011 |
| Station Audience Estimates EDW_MDOTLT_EST Table for July 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-497-004 | August 16, 2011 |
| Station Audience Estimates EDW_MDOTLT_EST Table for August 2011 for PPM Data for . . . Milwaukee -Racine . . . (Group 4) | TX 7-447-815 | September 21, 2011 |
| Arbitron Enterprise Data Warehouse Database (covering January 23, 2012) | TXu 1-794-956 | January 24, 2012 |
| Arbitron Enterprise Data Warehouse Database (covering the period January 23, 2012 through February 19, 2012) | TXu 1-806-480 | February 21, 2012 |
| Arbitron Enterprise Data Warehouse Database (covering the period February 20, 2012 through March 15, 2012) | TXu 1-806-438 | March 19, 2012 |
| Arbitron Enterprise Data Warehouse Database (covering the period April 12, 2012 through June 8, 2012) | TXu 1-835-291 | June 11, 2012 |
| Arbitron Enterprise Data Warehouse Database (covering the period May 4, 2012 through May 13, 2012) | TXu 1-821-726 | May 15, 2012 |

| | | |
|---|---|---|
| Arbitron Enterprise Data Warehouse Database (covering the period June 8, 2012 through July 9, 2012) | TXu 1-835-266 | July 10, 2012 |
| Arbitron Enterprise Data Warehouse Database (covering July 18, 2012) | TXu 1-835-721 | July 19, 2012 |
| Arbitron Enterprise Data Warehouse Database (covering the period July 9, 2012 through August 3, 2012) | TXu 1-835-657 | August 6, 2012 |

Certificates of Registration for the above listed works are attached as Exhibit 1. Arbitron has applied for but has not yet received copyright registrations for additional periods within the time frame of the events relevant to this action.

11.     Arbitron Reports and Databases are licensed to subscribers pursuant to the terms of written agreements. The subscribers are granted limited licenses to use Arbitron Reports and Databases and the audience estimates contained therein which remain at all times the sole and exclusive property of Arbitron.

12.     Pursuant to the such agreements, Arbitron has granted limited licenses to numerous broadcasters, advertisers and advertising firms in radio markets throughout the United States including, the Milwaukee-Racine, Wisconsin radio market, to receive and use the Arbitron Reports and Databases in exchange for license fees to be paid as provided in the written agreements. Arbitron also typically licenses the Arbitron Reports and Databases to consultants, third-party processors and sales representatives in the radio industry. Only such Arbitron licensees may possess and use Arbitron's audience estimates.

13.    Defendants are not Arbitron subscribers or licensees and, as such, are not authorized to receive, use, copy or distribute the Arbitron Reports and Databases or the Arbitron audience estimates contained therein.

## **DEFENDANTS' WRONGFUL ACTS**

14.    Arbitron's audience estimates provide detailed pictures of the listening habits of various demographic segments of the listening audience at given times and are used by radio stations and advertisers to determine the rates to charge advertisers for commercial time on a particular station and by radio stations to make programing decisions and to make compensation and bonus decisions.

15.    Defendants have willfully and intentionally infringed Arbitron's copyrights by copying and distributing copyrighted audience estimates obtained from the Arbitron Reports and Databases without authorization from Arbitron.  Beginning in or about September, 2010 and continuing throughout at least the years 2011 and 2012, Defendants' management and employees regularly obtained copies of Arbitron's copyrighted audience estimates which were reproduced and circulated among its personnel.  These unauthorized copies were then used on a regular and systematic basis by Defendants for various purposes including setting advertising rates charged by Defendants' radio stations and making programing decisions.

16.    The Arbitron audience estimates also served as one of the bases by which Defendants determined their employee compensation.  Defendants decided whether to give their employees bonuses and if so, the size of those bonuses based on the station's performance in the Arbitron ratings.  This system was so widespread, open and notorious at Defendants' radio stations,  that station personnel including senior management commonly referred to the system as the "Arbitron Bonus."  An employee's "Arbitron bonus" was determined by how well or poorly

a particular radio program fared in the Arbitron audience estimates regularly obtained and used by Defendants' stations without authorization.

17.     Upon information and belief, the copying and use of the Arbitron audience estimates was widespread not only throughout Lakefront's radio stations but extended to the senior executives of its parent company, Saga, whose executives were aware that Lakefront's radio stations obtained Arbitron's copyrighted audience estimates and was reproducing, using and distributing them on a regular basis.

18.     Upon information and belief, Defendants have received, reproduced and distributed and made use of Arbitron's Reports and Databases in the various radio markets in which its stations operate.

19.     Neither of the defendants have, at any relevant time, been a licensee of the Arbitron Reports and Databases.

**FIRST CLAIM FOR RELIEF**
(Copyright Infringement – 17 U.S.C. § 501)

20.     Arbitron repeats the allegations contained in paragraphs 1 through 19 above as if fully set forth at length herein.

21.     Defendants are not licensed or authorized to receive, reproduce or distribute copies of the Arbitron Reports and Databases or any of the copyrighted audience estimates contained in the Arbitron Reports and Databases.

22.     Upon information and belief, beginning in or about September, 2010, Defendants obtained, reproduced and distributed Arbitron's copyrighted radio audience estimates for the Milwaukee-Racine Metro radio market, and on information and belief in Defendants' other radio markets on at least a monthly basis for at least 28 months.

23.     By virtue of the aforesaid acts, including but not limited to reproducing and distributing materials containing the copyrighted estimates contained in Arbitron's Reports and Databases, Defendants have infringed Arbitron's copyrights in the Arbitron Reports and Databases in violation of 17 U.S.C. § 501.

24.     Upon information and belief, Defendants' acts have been and continue to be willful and deliberate violations of Arbitron's rights.

25.     Upon information and belief, Defendants have wrongfully profited from its unlawful acts and will continue to do so if not enjoined.  Arbitron has no adequate remedy at law to prevent this irreparable harm.

26.     By reason of the foregoing, Arbitron is entitled to a permanent injunction enjoining and restraining Defendants from using or distributing Arbitron's copyrighted works under 17 U.S.C. § 502.

27.     In addition, pursuant to 17 U.S.C. §§ 504 and 505, as a result of Defendants' intentional and willful copyright infringement, for each of the aforesaid instances of copyright infringement, Arbitron is entitled to an award of statutory damages in an amount to be determined at trial, but in no event less than $150,000 per incident together with interest thereon as well as its reasonable attorneys' fees and costs

**WHEREFORE,** Arbitron demands judgment against Defendants as follows:

(a)     on Arbitron's first claim for relief, an award of damages in an amount not less than $150,000 per act of infringement, the exact amount to be determined at trial, plus an award of reasonable attorneys' fees and costs, plus an award of enhanced damages;

(b)     awarding Arbitron its costs and fees incurred in bringing this suit together with such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jheaney@mnat.com
*Attorneys for Plaintiff Arbitron Inc.*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Peter Lambrianakos
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700

James S. Derry
ARBITRON INC.
705 Patuxent Woods Drive
Columbia, MD 21046
(410) 312-8000

May 23, 2013
7175055